United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MICHAEL GRALLA,<br><br>　　　　Petitioner,<br><br>　v.<br><br>ANTHONY HEDGEPETH,<br><br>　　　　Respondent.<br>_____/ | No. C 11-01334 RS<br><br>**ORDER TO SHOW CAUSE** |

I. INTRODUCTION

Petitioner Michael Gralla filed this action for a writ of habeas corpus, per 28 U.S.C. § 2254. The petition is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases. Petitioner has paid the filing fee.

II. DISCUSSION

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory,

palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

As grounds for federal habeas relief, petitioner claims: (1) he was denied due process because the trial court failed to conduct a competency hearing despite evidence raising a bona fide doubt about his competency to stand trial and be sentenced; (2) his due process rights were violated because he was not competent at the time of his trial, sentencing, or resentencing; and (3) he received ineffective assistance of counsel. Liberally construed, the claims appear to be cognizable on federal habeas review.

## IV. CONCLUSION

1. Counsel for petitioner shall serve a copy of this Order and the petition and all attachments thereto, on respondent and respondent's counsel, the Attorney General for the State of California.

2. Within ninety (90) days of receiving service of this Order, Respondent shall file an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on petitioner's cognizable claims. Respondent shall file with the answer a copy of all portions of the state trial record that previously have been transcribed and that are relevant to a determination of the issues presented by the petition.

3. Petitioner shall file any traverse within thirty (30) days of the date the answer is filed.

4. In lieu of an answer, respondent may file, within ninety (90) days of receiving service of this Order, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file an opposition or statement of non-opposition within thirty (30) days of the date the motion is filed, and respondent shall file with the Court and serve on petitioner a reply within **fifteen (15)** days of the date any opposition is filed.

IT IS SO ORDERED.

Dated: 8/20/12

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE