IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MICHAEL GRALLA, | **Nos. C 11-01334 RS** |
| Petitioner | |
| v. | **ORDER DENYING PETITION FOR HABEAS CORPUS** |
| ANTHONY HEDGEPETH, Warden, | |
| Respondent. | |

## I. INTRODUCTION

This is a federal habeas corpus action filed by represented state prisoner Michael Gralla pursuant to 28 U.S.C. § 2254. Petitioner challenges his sentence with three claims for relief: (1) he was denied due process because the trial court failed to conduct a competency hearing at trial or on remand; (2) he was denied due process because he was in fact incompetent; and (3) he received ineffective assistance of counsel at trial and on remand because his attorneys failed adequately to present evidence of his incompetence. For the reasons set forth below, the petition will be denied.

## II. BACKGROUND

Prior to January 25, 2005, petitioner Gralla, a homeless man, sometimes stayed at the Express Inn, a motel located in Laytonville. Muhammad Malik allowed petitioner to stay on rainy days, even if he could not pay for the room until later. On January 25, 2005, petitioner entered the motel office, opened his backpack, removed a pistol, and demanded money. Malik complied and begged petitioner not to shoot him. Malik then turned and ran up the stairs from the office, at which point petitioner shot at him four times. The last shot hit Malik's leg, resulting in the need for five surgeries in order to save his life and then his leg. In the end, his injuries required the surgical removal of a portion of his foot.

On June 15, 2005, a jury in the Mendocino County Superior Court convicted Gralla of attempted murder, robbery, assault with a firearm, and mayhem. The jury also found true as enhancements that petitioner discharged a firearm inflicting great bodily injury in the commission of the attempted murder and robbery, that he personally used a firearm in commission of the assault, and that he inflicted great bodily injury in the commission of the assault and mayhem. The trial court sentenced petitioner to 39 years to life in prison. He then appealed and filed a petition for writ of habeas corpus.

On March 21, 2007, the California Court of Appeal, First Appellate District, affirmed the convictions but remanded for resentencing in the direct appeal. The court denied the petition for writ of habeas corpus. On remand, petitioner moved for a new trial, in part due to mental incompetence to stand trial. The motion was denied, and he was sentenced to 35 years to life in prison. He again appealed and filed a second writ of habeas corpus.

On September 17, 2009, the California Court of Appeal, First Appellate District, affirmed the sentence on direct appeal and denied the writ. The California Supreme Court denied his petition for review without opinion on December 23, 2009.

## III. LEGAL STANDARD

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in

violation of the Constitution or laws or treaties of the United States." 28 U.S .C. § 2254(a). The petition may not be granted with respect to any claim that was adjudicated on the merits in state court unless that adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams (Terry) v. Taylor*, 529 U.S. 362, 412–13 (2000).

"Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. at 413. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 411. A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable." *Id*. at 409. An unreasonable application of federal law differs from an incorrect application of federal law. *Harrington v. Richter*, 131 S. Ct. 770, 785 (2011). Thus, habeas corpus is "not a substitute for ordinary error correction through appeal." *Id.* at 786. Instead, the "highly deferential standard" imposed by the statute, "demands that state-court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002).

## IV. DISCUSSION

*A. Failure to Conduct a Competency Hearing*

Under the Due Process Clause, a trial court must hold a competency hearing whenever there is evidence to raise a bona fide doubt as to the defendant's competence to stand trial, even if the

3

defendant does not request one. *Odle v. Woodford*, 238 F.3d 1084, 1087 (9th Cir. 2001); *Pate v. Robinson*, 383 U.S. 375, 385 (1966). The right to competency extends beyond trial to sentencing and resentencing. *See Sailer v. Gunn*, 548 F.2d 271, 274 (9th Cir. 1977) ("In determining whether the defendant has the degree of competence necessary if he is to be subjected to or charged with the consequences of the particular proceedings, consideration should be given to the extent to which he can be expected to be called upon to participate in those proceedings and the nature of that participation."). A reviewing court must examine the record to determine whether evidence before the state trial court raised a "bona fide doubt" of petitioner's competency to stand trial. *Odle*, 238 F.3d at 1087.

Petitioner provides a litany of facts regarding his mental health history in support of his argument that the trial court violated his due process rights by not holding a competency hearing. These facts focus on petitioner's auditory hallucinations, use of anti-psychotic and anti-depressant medications, and his history of mental health hospitalizations and suicide attempts. The facts presented do not appear to differ from those presented to the Court of Appeal.

The Court of Appeal, after considering each of defendant's arguments on his first appeal concluded that, "in contrast to many of the cases upon which Gralla relied, the trial court in this case was not presented with substantial evidence that there was a reasonable doubt about whether Gralla was competent to stand trial." Ex. 8 at 4-5. Petitioner does not address the Court of Appeal's extensive analysis of the evidence he presented, nor makes any attempt to show that the court's conclusion was objectively unreasonable. On his second appeal, the Court of Appeal found that adopting Gralla's interpretation of incompetency would create a new rule in which, for a defendant with a history of serious mental health conditions, "no evidence directly relating those factors to the defendant's present mental condition or ability to assist counsel is required, but a doubt about his ability to understand the proceedings and to assist counsel can be inferred." Ex. 18 at 7. The Court of Appeal reasonably declined to make such a new law with respect to competency, choosing instead to adhere to precedent that a "competency hearing is required only when the court is presented with substantial evidence of *present* incompetence." *Id*. (emphasis in original).

Neither petitioner's trial counsel nor his counsel privately retained for resentencing expressed a concern about petitioner's then mental competence. *See id*. This lack of concern is significant as "defense counsel will often have the best-informed view of the defendant's ability to participate in his defense." *Medina v. California*, 505 U.S. 437, 450 (1992). Petitioner testified during his trial, underwent cross-examination, but never showed signs of confusion, psychosis or inappropriate behavior. The Ninth Circuit has held that testifying in one's own defense is "the quintessential act of participating in one's own trial," and a defendant's "lengthy, logical, and cogent trial testimony reflects a sufficient ability to understand the proceedings and to assist in [his] own defense." *Benson v. Terhune*, 304 F.3d 874, 885-86 (9th Cir. 2002). Additionally, petitioner's previous diagnoses for a mental disorder cannot alone establish incompetence, particularly as the diagnoses were made a full ten years before his trial, and thus do not accurately speak to his competence at the time of trial and resentencing. Similarly, petitioner relies on past suicidal attempts and feelings to indicate he was not competent to stand trial. Medical intervention for such ideation occurred in 1996, 1998, and 2000, again far too remote in time to raise a substantial doubt about his present competence. Petitioner also points to the medications he was on as evidence of his incompetence. The Court of Appeal, however, found petitioner had "failed to identify any incident or circumstance relating to the trial court proceedings which should have made the trial court question whether his legal or illegal drug use was affecting is ability to meaningfully participate in his trial." Ex. 8 at 4. Indeed, his medical notes indicate that, as a result of those medications, he was calm, alert, and cooperative, and his thoughts and speech were clear. Ex. 8 at 13-14.

As petitioner has not shown that the state court was confronted with substantial evidence of incompetence at the time of his trial and resentencing, it cannot be found that the state court unreasonably applied Supreme Court precedent in choosing not to hold a competency hearing. Accordingly, this argument cannot support habeas relief.

*B. Incompetency*

A criminal defendant has a fundamental right under the Due Process Clause not to be tried while incompetent. *Cooper v. Oklahoma*, 517 U.S. 348, 354 (1996). "Even if the evidence before

the trial judge was insufficient to raise a good faith doubt with respect to [a defendant's] competency, he would still be entitled to [a hearing] if it now appears that he was in fact incompetent." *Deere v. Woodford*, 339 F.3d 1084, 1086 (9th Cir. 2003) (quoting *Steinsvik v. Vinzant,* 640 F.2d 949, 954 (9th Cir.1981)).

In support of his claim that he was in fact incompetent during his trial and resentencing proceedings, petitioner relies on the same facts discussed above with respect to his right to have had a competency hearing. He additionally points to Mendocino County jail records from 2007, prior to his resentencing, demonstrating he continued to have auditory hallucinations and to take large doses of anti-psychotic medications. Those records indicate he complained that the medications were causing him to suffer side effects, such as headaches and blackouts.

Respondent notes that petitioner has offered no expert testimony to support a conclusion that he was incompetent at any point during the proceedings. Indeed, the only expert testimony in the record on this issue is the opinion of two psychologists that plaintiff *was* competent to stand trial in Nevada in 1994. While remote in time, these opinions were issued with full knowledge of petitioner's psychotic episodes, and petitioner has offered no argument as to why those opinions should now be disregarded.

Furthermore, petitioner does not address the fact that he was able to take the stand on his own behalf and be cross-examined without showing any signs of incompetence or, indeed, any inability to understand the questions being asked or the significance of the proceedings. Petitioner notes that, at the time of resentencing, he was receiving 300 mg of Clozaril, as well as Cogentin, to address his auditory hallucinations, and that he was suffering from side effects of the drugs. While this may be true, petitioner has not made a connection between the drugs or their side effects and his ability to understand or take part in the proceedings. Petitioner has not met his burden to show that that he was indeed incompetent at the time of his trial or resentencing and habeas relief can therefore not be accorded on the basis of incompetency.

*C. Ineffective Assistance of Counsel*

A claim of ineffective assistance of counsel presents a mixed question of law and fact which is reviewed *de novo*. *Strickland v. Washington*, 466 U.S. 668, 684 (1984). A defendant has the burden of demonstrating that (1) counsel's performance was deficient, and (2) the deficient performance prejudiced the defense. *Id*. at 687.

As to the first prong, the right to counsel guaranteed by the Sixth Amendment to the Constitution requires that the assistance to which a defendant is entitled is "effective." *Strickland*, 466 U.S. at 680. Ineffective assistance of counsel occurs when counsel's performance falls below an objective standard of reasonableness and the deficient performance affected the outcome. *Id*. at 688. The defendant must point to errors or omissions in the record that establish that he did not receive adequate representation. *United States v. Birges*, 723 F.2d 666, 669 (9th Cir. 1983). There is a "strong presumption that counsel's performance [fell] within the 'wide range of professional assistance.'" *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986) (quoting *Strickland*, 466 U.S. at 689).

As to the second prong, a defendant must show that but for counsel's errors and omissions, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694. A reasonable probability is sufficient to undermine confidence in the outcome. *Id*. The Supreme Court has expressed a preference for disposing of ineffective assistance claims on the ground of lack of sufficient prejudice. *Id*. at 697.

Petitioner again points to his long history of mental illness to support the claim that trial counsel should have been aware of the severity of his mental illness. Indeed, on cross-examination, petitioner testified "I'm paranoid, I hear voices and stuff so I feel people are out to get me often." RT 1 187. Petitioner also testified that he had been seeing doctors all his life, but that they would "kick [him] out after three days," presumably due to the 72-hour involuntary psychiatric observation period in California. [RT I 213]. Petitioner asserts that, despite this knowledge, trial counsel did not adequately investigate or present to the court readily available evidence of his history of mental illness. Petitioner's counsel at resentencing was similarly aware of his history of mental illness, but

7

acceded to the prosecution's argument against a new trial. Petitioner argues a reasonably competent attorney would have requested a hearing as to petitioner's competence to be resentenced and, if he had done so, it is reasonably probable that he would have been found not competent.

Petitioner has not shown that counsel was ineffective. As the Court of Appeal noted, "Gralla has presented no evidence to support his assertion that defense counsel did not investigate his mental health history." Ex. 8 at 15. Indeed, counsel referred to petitioner's mental disorder at trial, RT I 182, obtained petitioner's psychiatric records from Florida, CT II 53, 61-62, and saw the presentence report that petitioner had been treated for psychiatric problems in Texas in 1993 and 1994, CT I 154. Counsel at re-sentencing subpoenaed his medical and psychiatric records from the jail. CT II 30-31. In both instances counsel chose not to raise competency as an issue at trial or at re-sentencing.

Even if counsels' decision had been in error, petitioner cannot show prejudice as a result. He has pointed to no evidence to suggest that, had counsel raised such an objection at trial, there is a reasonable probability that the outcome of his case would have been different. As discussed above, there was no evidence to suggest that petitioner was in fact incompetent at the time of trial or resentencing. He has provided no facts sufficient to question the professional judgment counsel made not to raise competency as an issue. Accordingly, petitioner has not met his heavy burden to overcome the presumption that counsel's performance met an objective standard of reasonableness, and habeas relief cannot be granted on this basis.

## V. CONCLUSION

For the foregoing reasons, Gralla's petition for §2254 Habeas relief is hereby denied.

IT IS SO ORDERED.

Dated: 3/28/13

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

8